**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| FREDERIC CHARDON-DUBOS,<br><br>     Plaintiff,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | CV. NO. 06-1001 (PG) |

**ORDER**

Before the Court is plaintiff's "Application for Temporary Restraining Order" (Docket No. 7). For the reasons that follow, plaintiff's motion is hereby **DENIED**.

**I. Background**

On January 3, 2006, plaintiff filed the above-styled and captioned complaint challenging the constitutionality of Public Law 600, 48 U.S.C. § 731(b), et. seq. (Docket No. 1). On January 11, 2006, plaintiff moved for a temporary restraining order under Fed.R.Civ.P. 65(b) (Docket No. 7), resting on the allegations in the complaint as demonstrative of the fact that "immediate and irreparable injury, loss, or damage will result" if the orders are not granted. (Docket No. 7 ¶ 4).[1]

**II. Discussion**

Rule 65(b) provides that a temporary restraining order may be granted without notice to the adverse party only if:

> (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the

---

[1] On the same day, plaintiff also moved for a preliminary injunction and for consolidation of hearing with the trial on the merits (Docket No. 8), a remedy he had previously requested in the complaint. (Docket No. 1 at 7). The Court will not rule on this motion until the government answers or otherwise pleads in response to plaintiff's complaint and application for injunction.

Civ. No. 06-1001 (PG)                                                   Page 2

>   applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed.R.Civ.P. 65(b).  The plaintiff in this case has plainly failed to make this threshold showing.  The only allegation in the complaint that purportedly supports the issuance of a TRO is plaintiff's conclusory allegation that

>   [e]very day that Public Law 600 is not declared unconstitutional and defendant fails to exercise its Constitutional sovereign authority over the Territory as mandated by and consistent with the Constitution, along with the delay and associated uncertainty caused Plaintiff as to the real political destiny of the Territory, constitutes an immediate and irreparable injury.

(Docket No. 1 ¶ 28).  As a preliminary matter, it is pellucid that this allegation does not present any **facts**, much less specific ones, as required by Rule 65(b).  Quite pithily, plaintiff essentially has brought a purely legal matter to the attention of this Court, but has failed to demonstrate how he would suffer irreparable injury so as to justify issuance of an *ex parte* TRO without the benefit of hearing the government's position on the matter.

### III. Conclusion

For the reasons set forth above, plaintiff's "Application for Temporary Restraining Order" is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico, January 23, 2006.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE