**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

FREDERIC CHARDON-DUBOS,

    Plaintiff,

       v.                                       CV. NO. 06-1001 (PG)

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

Before the Court is defendant's Motion to Dismiss. (Docket No. 14.) For the reasons that follow, the Court **GRANTS** defendant's motion.

**FACTUAL BACKGROUND**

On January 3, 2006, plaintiff filed the above-styled and captioned complaint challenging the constitutionality of Public Law 600, 48 U.S.C. § 731(b), et. seq. (Docket No. 1). Plaintiff claims that

> Every day that Public Law 600 is not declared unconstitutional and defendant fails to exercise its Constitutional sovereign authority over the Territory as mandated by and consistent with the Constitution, along with the delay and associated uncertainty and injuries caused Plaintiff as to the real political destiny of the Territory, constitutes an immediate and irreparable injury.

(Id., & Docket No. 27.) Plaintiff requests that the Court enter a declaratory judgment finding Public Law 600 unconstitutional. Additionally, plaintiff asks the Court to enjoin defendant from failing to exercise its sovereign authority over the Territory as mandated by the Constitution.

**DISCUSSION**

**I.    Rule 12(b)(1)**

When ruling on either 12(b)(1) or 12(b)(6) motion, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiffs' favor. Pejepscot Indus. Park v. Maine Cent. R.R., 215 F.3d 195, 197 (1st Cir. 2000)("The standard applied to a 12(b)(1) motion is similar to the standard applied to a 12(b)(6) motion, namely, the Court must take all of plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the

Civ. No. 06-1001 (PG)                                                   Page 2

light most favorable to plaintiff"). See Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994); Celta Const. v. U.S. Dept. of Housing and Urban Development, 337 F.Supp.2d 396, 398 (D.P.R. 2004). A court should not dismiss a complaint for lack of subject matter jurisdiction unless it is clear that plaintiff will be unable to prove any set of facts which would entitle him to recovery. See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998); Negron-Gaztambide, 35 F.3d at 27 (citing Carney v. Resolution Trust Corp., 19 F.3d 950, 954 (5th Cir.1994). "The party invoking the jurisdiction of a federal court carries the burden of proving its existence." Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). See Puerto Rico Tel. v. Telecom. Regulatory Bd., 189 F.3d 1, 7 (1st Cir. 1999).

## II. **Analysis**

In the complaint, plaintiff alleges that the Commonwealth of Puerto is an unconstitutional political system. He avers that through Public Law 600, defendant attempted to exercise its sovereign power over the Territory by allegedly granting self-governmental authority to the Territory in violation of the Constitution. Plaintiff posits that a plain reading of Public Law 600 reveals that it constitutes as a matter of law a bilateral agreement between defendant and the Territory which is unconstitutional.

Plaintiff further alleges that defendant has not exercised its plenary sovereign authority over the Territory as mandated by the Constitution which has caused him irreparable harm. He therefore asks the Court to order defendant to exercise said authority. In other words, plaintiff is asking the Court to enjoin defendant from its alleged "failure to act" pursuant to its authority under the Territorial Clause of the U.S. Constitution.

Defendant moves to dismiss the complaint arguing that plaintiff has failed to show that he has or is suffering irreparable injury as a result of the alleged unconstitutionality of Public Law 600.

Under Article III of the Constitution, "[t]he judicial Power shall

Civ. No. 06-1001 (PG)                                                  Page 3

extend" to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; see Igartua-De La Rosa v. U.S., 417 F.3d 145, 153-154 (1st Cir.2005). Article III courts have a limited scope of jurisdiction and will only decide upon matters that constitute a case or controversy. Warth v. Seldin, 422 U.S. 490, 498(1975). See also Igartua de la Rosa v. U.S., 842 F.Supp. 607, 609-610 (D.P.R. 1994).

Plaintiff bears the burden of stating facts sufficient to support standing. Warth, 422 U.S. at 518; Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998). He must demonstrate: "(1) an 'injury-in-fact'; (2) that is 'fairly traceable' to the proceeding below; and (3) is 'likely' to be 'redressed by a favorable decision'." Sea Shore Corp., 158 F.3d at 55(quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560(1992)). "Most importantly, 'injury-in-fact' must involve an invasion of a legally-protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Sea Shore Corp., 158 F.3d at 55)(quoting Lujan, 504 U.S. at 560)(citations and internal quotation marks omitted); see O'Shea v. Littleton, 414 U.S. 488, 494(1974) ("Abstract injury is not enough.... The injury or threat of injury must be both real and immediate, not conjectural or hypothetical.")

Other than stating he has suffered an injury, plaintiff does not specify what that injury is. It is well-settled that the injury "must be concrete in both a qualitative and temporal sense." Whitmore v. Arkansas 495 U.S. 149, 155(1990). Indeed, the "complainant must allege an injury to himself that is "distinct and palpable." Id. (quoting Warth, 422 U.S., at 501.)

> The party who invokes the power [of judicial review] must be able to show not only that the statute is invalid but that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally.

Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 477 (1982)(quoting Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 488 (1923)).

Plaintiff's allegations raise "only the 'generalized interest of all

Civ. No. 06-1001 (PG)                                                    Page 4

citizens in constitutional governance,' [which] is an inadequate basis on which to grant [him] standing to proceed. Whitmore, 495 U.S. at 160(quoting Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 217(1974)). "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754(1984). See also Fairchild v. Hughes, 258 U.S. 126, 129 (1992); Valley Forge Christian College, 454 U.S. at 482-483; Schlesinger, 418 U.S. at 216-222; Laird v. Tatum, 408 U.S. 1(1972); Baker v. Carr, 369 U.S. 186 (1962). "Such claims amount to little more than attempts 'to employ a federal court as a forum in which to air ... generalized grievances about the conduct of government'." Valley Forge Christian College, 454 U.S. at 483(quoting Flast, 392 U.S. at 106). "Art. III requirements of standing are not satisfied by 'the abstract injury in nonobservance of the Constitution asserted by ... citizens'." Valley Forge Christian College, 454 U.S. at 481 (quoting Schlesinger, 418 U.S. at 223, n. 13.) Historically, Courts have "refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches. Valley Forge Christian College, 454 U.S. at 475 (citations omitted).

> The exercise of the judicial power also affects relationships between the coequal arms of the National Government. The effect is, of course, most vivid when a federal court declares unconstitutional an act of the Legislative or Executive Branch. ... Proper regard for the complex nature of our constitutional structure requires neither that the Judicial Branch shrink from a confrontation with the other two coequal branches of the Federal Government, nor that it hospitably accept for adjudication claims of constitutional violation by other branches of government where the claimant has not suffered cognizable injury.

Id., at 473-474.

## **CONCLUSION**

For the reasons set forth above, defendant' Motion to Dismiss is **GRANTED. (Docket No. 14).** Judgment shall be entered accordingly. Plaintiff's request for a preliminary injunction **(Docket No. 8)** is therefore **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, March 12, 2007.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE